IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

OLLIE'S NEIGHBORHOOD
GRILL, INC.,

     Plaintiffs,

                               CASE NO.: _____

vs.

MAXUM INDEMNITY COMPANY,

     Defendant.
_____/

### DEFENDANT'S NOTICE OF REMOVAL

Defendant, MAXUM INDEMNITY COMPANY (hereinafter "MAXUM"), by and through undersigned counsel, pursuant to 28 U.S.C. § 1441(a), removes an action pending in the Circuit Court of the First Judicial Circuit of Florida, in and for Santa Rosa County, styled *Ollie's Neighborhood Grill, Inc., vs. Maxum Indemnity Company*, Case No. 2021-000903-CA, where Plaintiff filed suit against MAXUM, and further states:

### TIMELY NOTICE OF REMOVAL

On October 26, 2021, Plaintiff filed a Complaint against MAXUM in the Circuit Court of the First Judicial Circuit of Florida, in and for Santa Rosa County. On November 3, 2021, MAXUM was served with a Summons and copy of the Complaint in connection with the state action. Plaintiff's Complaint asserts that

MAXUM breached an insurance contract issued to Plaintiff.[1]  The Complaint does not state the specific amount of damages sought by Plaintiff, only that "[t]his is an action . . . with damages greater than Thirty Thousand Dollars ($30,000.00)," and otherwise within the jurisdictional limits of the circuit court.[2]

Pre-suit, Plaintiff provided MAXUM with its Sworn Statement in Proof of Loss, which states that the value of the claim is $215,723.64, after the application of the applicable deductible.[3]  Accordingly, pursuant to 28 U.S.C. § 1446(b), WWIC timely files this Notice of Removal within one year of the filing of the Complaint and within thirty (30) days of service of the Plaintiff's Complaint.

## VENUE

Venue is proper in the United States District Court for the Northern District of Florida, Pensacola Division, because the state court action originated in Santa Rosa County, Florida.

## JURISDICTION

This Court has jurisdiction. The state court action is a civil action which falls under this Court's original jurisdiction, pursuant to 28 U.S.C. § 1332(a), because the parties are completely diverse and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  Accordingly, MAXUM is entitled to

---

[1] Plaintiff's Complaint, and all State Court Pleadings, are collectively attached hereto as **Exhibit "1."**

[2] *Id*. at Plaintiff's Complaint ¶¶ 1 & 9.

[3] Plaintiff's Sworn Statement in Proof of Loss, along with an estimate of $230,824.66 in support thereof, is attached hereto as **Exhibit "2."**

remove this action pursuant to 28 U.S.C. § 1441.

## **COMPLETE DIVERSITY EXISTS**

A corporation is a citizen of every state by which it has been incorporated and of the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1183 (2010) ("The phrase 'principal place of business' in § 1332(c)(1) refers to the place where a corporation's high level officers direct, control, and coordinate the corporation's actions i.e. its 'nerve center'").

Here, MAXUM is, and was at the time the Complaint was filed in Florida state court, a corporation organized under the laws of the State of Connecticut, with its principal place of business in Hartford, Connecticut. Accordingly, MAXUM is a citizen of Connecticut for purposes of determining diversity under 28 U.S.C. § 1332(a)(1).

MAXUM's independent investigation has confirmed through public records that Plaintiff, OLLIE'S NEIGHBORHOOD GRILL, INC., is, and was at the time the Complaint was filed in Florida state court, a corporation organized under the laws of the State of Florida, with its principal place of business in Santa Rosa County, Florida.[4]  Accordingly, Plaintiff is a citizen of Florida for purposes of determining diversity under 28 U.S.C. § 1332(a)(1).

---

[4] The documentation evidencing Plaintiff's citizenship is collectively attached hereto as **Exhibit 3."**

As MAXUM is a citizen of Connecticut, and Plaintiff is a citizen of Florida, the citizenship of the parties is completely diverse.

## THE AMOUNT IN CONTROVERSY *NOW* EXCEEDS $75,000.00

Plaintiff's Complaint asserts causes of action for declaratory relief and breach of contract alleging that MAXUM failed to provide adequate coverage under the insurance policy for a loss occurring on September 16, 2020.[5]  Although Plaintiff's Complaint does not clearly state the specific amount of damages sought, Plaintiffs assert that they have suffered damages because of the breach, along with attorney fees and costs.  MAXUM bears the burden of establishing jurisdictional amount by a preponderance of the evidence.   *See Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1209-11 (11th Cir. 2007).

Pre-suit, Plaintiff provided MAXUM with its Sworn Statement in Proof of Loss and estimate in support, which claimed that the value of its claim was $215,723.64, after application of the applicable deductible.[6]  Accordingly, the amount in controversy between Plaintiff and MAXUM for damages related to the insurance contract exceeds the $75,000.00 amount in controversy requirement for diversity jurisdiction.

## COMPLIANCE WITH 28 U.S.C. § 1446

Pursuant to 28 U.S.C. § 1446(d), WWIC provided written notice of the filing

---

[5] *See* **Exhibit "1"** at Plaintiff's Complaint ¶ 7.
[6] *See* **Exhibit "2."**

of the Notice of Removal, along with copies of this Notice of Removal and all attachments, to all adverse parties and with the Clerk of the Circuit Court of the First Judicial Circuit in and for Santa Rosa County, Florida. Furthermore, as required by 28 U.S.C. § 1446(a), true and legible copies of all process, pleadings, orders, and other papers or exhibits of every kind filed with the state court are being filed with this Notice of Removal.[7]

      **WHEREFORE**, WESTERN WORLD INSURANCE COMPANY requests that this Court exercise jurisdiction over this matter.

      BUTLER WEIHMULLER KATZ CRAIG LLP

/s/ Troy J. Seibert, Esq.

**TROY J. SEIBERT, ESQ.**
Florida Bar No.: 0084668
tseibert@butler.legal
**VINCENT A. FERNANDEZ, ESQ.**
Florida Bar. No.: 1004601
vfernandez@butler.legal
**AARON M. FORTIER, ESQ.**
Florida Bar No.: 1010478
afortier@butler.legal
Secondary: bryan@butler.legal
      srivera@butler.legal
      mmartinez@butler.legal
400 N. Ashley Drive, Suite 2300
Tampa, Florida 33602
Telephone: (813) 281-1900
Facsimile: (813) 281-0900
*Attorneys for Defendant,*
*Maxum Indemnity Company*

---

[7] *See* **Exhibit "1."**

5

## <u>CERTIFICATE OF SERVICE</u>

I certify that a copy hereof has been furnished to:

KUHN RASLAVICH, P.A.
Ali A. Kadir, Esq.
986 Douglas Ave., Ste. 102
Altamonte Springs, FL 32714
ali@thekrfirm.com
*Attorney for Plaintiff,*
*Ollie's Neighborhood Grill, Inc.*

Via CM/ECF on December 3, 2021.

/s/ Troy J. Seibert, Esq.
**TROY J. SEIBERT, ESQ.**