CT Corporation

**Service of Process Transmittal**
11/03/2021
CT Log Number 540526778

TO:     Michael Johnson, Legal Assistant
        The Hartford
        1 Hartford Plz, HO-1-09
        Hartford, CT 06155-0001

RE:     **Process Served in Florida**

FOR:    Maxum Indemnity Company  (Domestic State: CT)

---

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | OLLIE'S NEIGHBORHOOD GRILL, INC. vs. MAXUM INDEMNITY COMPANY |
| **DOCUMENT(S) SERVED:** | Notice(s), Summons, Complaint, Plan, Attachment(s), First Request(s), Interrogatories |
| **COURT/AGENCY:** | Santa Rosa County Circuit Court, FL<br>Case # 2021000903CA |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Plantation, FL |
| **DATE AND HOUR OF SERVICE:** | By Electronic Receipt on 11/03/2021 |
| **JURISDICTION SERVED :** | Florida |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service, exclusive of the day of service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Ali A. Kadir<br>Kuhn Raslavich, P.A.<br>986 Douglas Ave., Ste. 102<br>Altamonte Springs, FL 32714<br>407-501-4833 |
| **REMARKS:** | Process received by Chief Financial Officer on 10/28/2021, and forwarded to C T Corporation System by electronic delivery on 11/03/2021. |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 11/03/2021, Expected Purge Date: 11/08/2021<br><br>Image SOP<br><br>Email Notification,  Michael Johnson  MICHAEL.JOHNSON@THEHARTFORD.COM<br><br>Email Notification,  Fiona Rosenberg  Fiona.Rosenberg@thehartford.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>1200 South Pine Island Road<br>Plantation, FL 33324<br>800-448-5350<br>MajorAccountTeam1@wolterskluwer.com |

Page 1 of  2 / SB

DEFENDANTS'
EXHIBIT

_01_

 CT Corporation

**Service of Process
Transmittal**
11/03/2021
CT Log Number 540526778

**TO:**   Michael Johnson, Legal Assistant
The Hartford
1 Hartford Plz, HO-1-09
Hartford, CT 06155-0001

**RE:**   **Process Served in Florida**

**FOR:**   Maxum Indemnity Company  (Domestic State: CT)

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



*21-000515739*

**CHIEF FINANCIAL OFFICER**
**JIMMY PATRONIS**
STATE OF FLORIDA

---

OLLIE'S NEIGHBORHOOD GRILL, INC.

PLAINTIFF(S)

VS.

MAXUM INDEMNITY COMPANY

DEFENDANT(S)
_____/

SUMMONS, COMPLAINT, DISCOVERY, CMO, EMAIL, DEPO REQ

**CASE #:**  2021-000903-CA
**COURT:**  CIRCUIT COURT
**COUNTY:**  SANTA ROSA
**DFS-SOP #:** 21-000515739

# <u>NOTICE OF SERVICE OF PROCESS</u>

NOTICE IS HEREBY GIVEN of acceptance of Service of Process by the Chief Financial Officer of the State of Florida. Said  process was received in my office by ELECTRONIC DELIVERY on Thursday, October 28, 2021 and a copy was forwarded by ELECTRONIC DELIVERY on Wednesday, November 3, 2021 to the designated agent for the named entity as shown below.

          MAXUM INDEMNITY COMPANY
          DONNA MOCH
          1200 SOUTH PINE ISLAND ROAD
          PLANTATION, FL 33324

**\*Our office will only serve the initial process(Summons and Complaint) or Subpoena and is not responsible for transmittal of any subsequent filings, pleadings, or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule  #1.080**

Jimmy Patronis
Chief Financial Officer

ALI A KADIR
ATTORNEY
KUHN RASLAVICH, P.A.
986 DOUGLAS AVENUE, SUITE 102
ALTAMONTE SPRINGS, FL 32714

EU1

IN THE CIRCUIT COURT OF THE
FIRST JUDICIAL CIRCUIT, IN AND
FOR SANTA ROSA COUNTY, FLORIDA

OLLIE'S NEIGHBORHOOD GRILL, INC.,

     Plaintiff,

v.

                              CASE NO.:   **21-CA-903**

MAXUM INDEMNITY COMPANY,

     Defendant.

_____/

## SUMMONS

THE STATE OF FLORIDA
To Each Sheriff of the State:
You ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

          MAXUM INDEMNITY COMPANY
by serving:    Florida Chief Financial Officer as RA
at:          SERVICE OF PROCESS SECTION
           PO BOX 6200
           Tallahassee, Florida 32314-6200

Each Defendant is required to serve written defenses to the complaint or petition on the Petitioner's Attorney whose name and address is:

     **KUHN RASLAVICH, P.A.**
     986 Douglas Ave., Ste. 102
     Altamonte Springs, FL 32714
     407-501-4833

within 20 days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Petitioner's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the complaint or petition.

DATED: **OCTOBER 26, 2021**
               _____

**COURT SEAL**

             **BY:** _____ *Tammy Jo Brown*
                         signed by Tammy Brown
                         on 10/26/2021 11:10:41 gsJwbnV}
             **DEPUTY CLERK**

IN THE CIRCUIT COURT OF THE
FIRST JUDICIAL CIRCUIT, IN AND
FOR SANTA ROSA COUNTY, FLORIDA

OLLIE'S NEIGHBORHOOD GRILL, INC.,

      Plaintiff,

v.                                    CASE NO.:

MAXUM INDEMNITY COMPANY,

      Defendant.

_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

      **COMES NOW** the Plaintiff, OLLIE'S NEIGHBORHOOD GRILL, INC., by and through

the undersigned attorneys and sues the Defendant, MAXUM INDEMNITY COMPANY, and

alleges as follows:

      1.      This is an action for declaratory relief and breach of contract with damages greater

than Thirty Thousand Dollars ($30,000.00), exclusive of interest, costs, and attorney's fees.

      2.      At all material times hereto, the Plaintiff, OLLIE'S NEIGHBORHOOD GRILL,

INC., (hereinafter "Plaintiff") was and is a Florida resident.

      3.      At all material times hereto, Defendant, MAXUM INDEMNITY COMPANY,

(hereinafter "Defendant") was a corporation duly licensed to transact insurance business in the

State of Florida.  Defendant does business, has offices, and/or maintained agents for the transaction

of its customary business in Santa Rosa County, Florida.

      4.      Plaintiff brings this action as a homeowner.

      5.      Prior to September 16, 2020, the Plaintiff sought and purchased homeowner's

insurance from Defendant to cover the property located at 6181 Highway 90, Milton, Florida

32570 (hereinafter "Plaintiff's Property").  Said policy of insurance, which is believed to be policy

number BDG-0138349-01 with corresponding claim number BDG-0138349-01-01-01 (hereinafter "Plaintiff's Policy"), was issued by Defendant to Plaintiff to provide insurance coverage which included, but was not limited to, coverage afforded to protect Plaintiff's Property against hurricane damage.

6.       Plaintiff's Policy was issued by Defendant in Santa Rosa County, Florida and was in full force and effect as of September 16, 2020. A formal copy of Plaintiff's Policy is not currently in the possession of Plaintiff, and is well known to Defendant, and has been requested by Plaintiff through a Request to Produce (which will be served upon Defendant contemporaneously with this Complaint). *See, e.g., Equity Premium, Inc. v. Twin City Fire Ins. Co.*, 956 So.2d 1257 (Fla 4th DCA 2007); *Amiker v. Mid-Century Ins. Co.*, 398 So.2d 974 (Fla 1st DCA 1981); *Parkway General Hospital, Inc. v. Allstate Ins. Co.*, 393 So.2d 1171 (Fla. 3rd DCA 1981) and *Sasche v. Tampa Music Co.*, 252 So.2d 17 (Fla. 2nd DCA 1972).

7.       On or about September 16, 2020, Plaintiff's Property and dwelling located at 6181 Highway 90, Milton, Florida 32570 was damaged by Hurricane Sally (hereinafter, the "Loss"). The Loss was covered under Plaintiff's Policy issued by Defendant.

8.       As of the date of the filing of this lawsuit, Defendant has failed to: (i) acknowledge coverage for the Loss; and/or (ii) acknowledge that payment of insurance proceeds for the Loss will be forthcoming; and/or (iii) issue payment in full of insurance proceeds for the Loss to Plaintiff.

9.       Jurisdiction and venue of this matter are proper in the Circuit Court for Santa Rosa County, Florida.

## COUNT I-BREACH OF CONTRACT AGAINST DEFENDANT

10.     Plaintiff does hereby repeat and re-allege Paragraphs 1 through 9 above and incorporates the same by reference herein.

11.     Plaintiff is a named Insured under the homeowner's insurance policy of the Plaintiff (the Plaintiff's Policy described above) and said policy was in full force and effect as to the Plaintiff at all times material to this Complaint, including when Plaintiff's Property was damaged as described above.

12.     Plaintiff has either complied with all conditions precedent to filing this lawsuit and Plaintiff is entitled to recover under Plaintiff's Policy or any such conditions has been waived.

13.     Defendant's refusal to: (i) acknowledge coverage for the Loss; and/or (ii) acknowledge that payment of insurance proceeds for the Loss will be forthcoming; and/or (iii) issue payment in full of insurance proceeds for the Loss to Plaintiff, constitutes a breach of contract.

14.     Plaintiff has been damaged as a result of Defendant's breach in the form of unpaid insurance proceeds, interest, costs, and attorney's fees.

15.     Plaintiff has been and remains fully prepared to comply with all of the obligations pursuant to the aforesaid contract of insurance.

16.     As a result of Defendant's aforementioned breach of contract, it has become necessary that Plaintiff retain the services of the undersigned attorneys pursuant to Fla. Stat. § 627.428 or Fla. Stat. § 626.9373.  Plaintiff is obligated to pay a reasonable fee for the undersigned attorneys' services in bringing this action, plus necessary costs.

17.     Plaintiff is entitled to recover attorney's fees and costs pursuant to Fla. Stat. §§ 627.428, 627.70152, and/or Fla. Stat. § 626.9373.

**WHEREFORE**, the Plaintiff, OLLIE'S NEIGHBORHOOD GRILL, INC., by and through the undersigned counsel, demands judgment against Defendant, MAXUM INDEMNITY COMPANY, for all unpaid bills with interest on any overdue payments, costs, attorney fees pursuant to Fla. Stat. §§ 627.428, 627.70152, and/or Fla. Stat. § 626.9373, and for all other remedies the Court sees fit to grant, and the Plaintiff demands trial by jury.

## COUNT II-DECLARATORY RELIEF AGAINST DEFENDANT

18.      Plaintiff realleges paragraphs 1 through 9 above and incorporates the same by reference herein.

19.      Under the terms of the subject Plaintiff's Policy, Defendant insured against direct, physical loss to the Plaintiff's Property.  There are however a number of exclusions which the Defendant is relying upon to deny coverage for the Loss.

20.      Under the terms and provisions of the Plaintiff's Policy, Plaintiff's Loss appears to be covered for the property damage sustained; however, Defendant denied coverage for the Loss and/or asserted in its claim denial letter that certain portions of Plaintiff's Loss were not covered under the Plaintiff's Policy due to various policy exclusion(s)/exception(s) (such ambiguous provisions are incorporated herein by reference) and/or did not agree to the pricing.

21.      As a result of Defendant's assertions of applicable policy exclusion(s)/exception(s) and Defendant's apparent belief that the entire and/or a part of the Loss is not covered based upon its interpretation of the Plaintiff's Policy and/or the pricing issues, Plaintiff is in doubt as to Plaintiff entitlement to coverage under the Plaintiff's Policy and/or as to the Defendant's denial.

22.      Plaintiff believes that the Loss is covered and that Plaintiff's estimate is accurate and compensable; however, Defendant disagrees.  Consequently, the parties can only resolve their differences when coverage is determined by this Court. *See Rhea v. Dist. Bd. of Trs. of Santa Fe*

*Coll.*, 109 So.3d 851, 859 (Fla. 1st DCA 2013) ("To be entitled to a declaratory judgment, one must demonstrate that (1) a good-faith dispute exists between the parties; (2) one presently has a justiciable question concerning the existence or non-existence of a right or status, or some fact on which such right or status may depend; (3) one is in doubt regarding one's right or status, and (4) a bona-fide, actual, present, and practical need for the declaration exists").

23.     Plaintiff is uncertain as to the existence or non-existence of Plaintiff's rights to coverage under the Plaintiff's Policy and has an actual, practical and present need for a declaration by the court as to Plaintiff's rights under the Plaintiff's Policy.  Consequently, Plaintiff seeks relief from uncertainty and insecurity with respect to Plaintiff's rights and legal relations with Defendant under the Plaintiff's Policy. *See Higgins v. State Farm Fire & Cas. Co.*, 894 So.2d 5 (Fla. 2004); *Lutz v. Protective Life Ins. Co.*, 951 So.2d 884 (Fla. 4th DCA 2007); *Jossfolk v. United Property & Cas. Ins. Co.*, 110 So.3d 110) (Fla. 4th DCA 2013) (***permitting declaratory judgment in a first party property insurance action***); *Certain Interested Underwriters At Lloyd's London v. Pitu, Inc.*, 95 So.3d 290 (Fla. 3rd DCA 2012) (***permitting both breach of contract and declaratory judgment in a first party property insurance action***) (Emphasis added).

24.     As a direct and proximate result of the foregoing conflicting positions of the parties, there is an actual bona-fide controversy between the parties that requires judicial interpretations as to whether there has been a covered Loss.  Accordingly, Plaintiff seeks a declaration as to Plaintiff's rights relative to coverage of the Loss under the Plaintiff's Policy and Florida law. *See Security First Insurance Co. v. Phillips*, 45 Fla. L. Weekly D1426 (Fla. 5th DCA, June 12, 2020) ("Because a bona fide controversy existed, declaratory relief was appropriate to determine the factual issues raised [i.e. whether the insurance policy sub judice was in effect at the time of the damage].The trial court therefore erred in dismissing the complaint. . . .").

25.     The purpose of this declaratory decree action is to obtain a judicial interpretation of the Plaintiff's Policy, as it relates to the facts involved herein, which will determine that there has been a covered Loss and as to the pricing. Without such a declaratory decree, Plaintiff is unable to obtain insurance benefits under the Plaintiff's Policy.

26.     Pursuant to Fla. Stat. § 86.011, this Court has jurisdiction to declare the applicable rights, status, and other equitable or legal relations between the parties as to the existence, or nonexistence of any right; or any fact upon which the existence or nonexistence of such immunity, power, privilege, or right does or may depend, whether such immunity, power, privilege, or right now exists or will arise in the future.

27.     Pursuant to Fla. Stat. § 86.021, Plaintiff is in doubt as to Plaintiff's rights and status under the Plaintiff's Policy.  Therefore, Plaintiff may have this Court determine Plaintiff's questions concerning the construction or validity arising under said Policy and Plaintiff can obtain a declaration of Plaintiff's rights, status, or legal relations thereunder.

28.     Pursuant to Fla. Stat. § 86.051, this Court is not limited nor restricted from exercising its general declaratory relief powers conferred by Fla. Stat. § 86.01 as related to Plaintiff's request for declaratory relief in this action.  Additionally, this Court may even render its decision in this matter by way of anticipation with respect to any act not yet done or any event which has not yet happened.

29.     Pursuant to Florida Stat. § 86.101, in response to Plaintiff's request for declaratory relief, this Court's decision is to be rendered for purposes of settling and affording Plaintiff relief from its insecurity and uncertainty with respect to Plaintiff's rights, status and other equitable or legal relations and the declaratory relief statute is to be liberally administered and construed. (Emphasis added). *See also Olive v. Maas*, 811 So.2d 644, 648 (Fla. 2002); *C.A.T., LLC v. Island*

*Developers*, Ltd, 827 So.2d 373,375 (Fla. 3d DCA 2002); *National Rifle Ass'n of America v. City of South Miami*, 812 So.2d 504 (Fla. 3d DCA 2002); *State Farm Fire and Cas. Co. v. Higgins*, 788 So.2d 992, 999 (Fla. 4th DCA 2001); *X Corp. v. Y Person*, 622 So.2d l098 (Fla. 2d DCA 1993).

30.     Plaintiff's disagreement(s) with Defendant concerning coverage under the Plaintiff's Policy is a proper subject for a declaratory judgment. *See Transportation Cas. Inc. Co. v. Soil Tech. Distributors, Inc.*, 966 So.2d 8, 9 (Fla. 4th DCA 2007); *Effort Enterprises of Florida, Inc. v. Lexington  Ins. Co.*, 666 So.2d 930, 931 (Fla. 4th DCA 1995); *Tindall v. Allstate Ins. Co.*, 472 So.2d 1291, 1292 (Fla. 2d DCA 1985); *Tavares v. Allstate*, 342 So.2d 551 (Fla. 3d DCA 1977); *Perez v. State Auto. Ins. Ass'n.*, 270 So.2d 377 (Fla. 3d DCA 1972).

31.     Plaintiff has the right to proceed with its declaratory relief action and such action should not be impermissibly foreclosed. *See People's Trust Ins. Co. v. AlonzoPombo*, 45 Fla. L. Weekly D2110 (Fla. 3d DCA, Sept. 9, 2020) ("Where a complaint for declaratory action meets [the Rhea] requirements, it should not be dismissed for failure to state a cause of action")*; Travelers Ins. Co. v. Emery*, 579 So.2d 798, 801 (Fla. 1st DCA 1991) ("[Q]uestions of fact and disagreements concerning coverage under insurance policies are proper subjects for a declaratory judgment if necessary to a construction of legal rights."); *Effort Enterprises of Florida. Inc. v. Lexington Ins. Co.*, 666 So.2d 930, 932 (Fla. 4th DCA 1995); *Floyd v. Guardian Life Ins. Co. Of America*, 415 So.2d 103, 105 (Fla. 3d DCA 1982).

32.     All conditions precedent to the filing of this action have been complied with, met or otherwise waived.

33.     As a direct and proximate result of Defendant's conduct, Plaintiff has been obligated to retain undersigned counsel to bring this action and, pursuant to Fla. Stat. §§ 86.011,

626.9373, 627.428, and 57.041, and others, undersigned counsel is entitled to attorneys' fees in this matter to be paid by the Defendant.

WHEREFORE, Plaintiff, OLLIE'S NEIGHBORHOOD GRILL, INC., prays this Honorable Court takes jurisdiction of this matter and declares the parties' rights and duties under the Plaintiff's Policy, and takes the following actions, including but not limited to:

a.      entering an order holding that Defendant, MAXUM INDEMNITY COMPANY, is in breach of the insurance contract pursuant to the terms and conditions of the Plaintiff's Policy and awarding damages therefrom, thereby also waiving further policy compliance on the part of Plaintiff;

b.      entering an order holding that since Defendant previously acknowledged to an unagreed amount under the Plaintiff's Policy relative to the Loss, that conditions precedent are waived and/or provide a declaration regarding the insured's specific requirements, so Plaintiff can comply with same, without Plaintiff being in violation of the Plaintiff's Policy (and abating this action pending such compliance);

c.      entering an order declaring that the Plaintiff is in compliance with the Plaintiff's Policy, and has complied with all conditions precedent thereunder or same were waived by the conduct of Defendant;

d.      entering an order declaring that Plaintiff's Loss is the result of direct, physical loss to the Plaintiff's Property;

e.      order full disclosure of all documents and allow full and liberal discovery of all facts that may lead to admissible evidence relevant to the determination herein, including but not limited to, production of the complete insurance policy, and a complete copy of the written materials in the possession of the Defendant that would shed light on the issues involved herein;

f.        determine applicable law, including the provisions of Florida Statutes that apply to the policy and to the parties;

g.        declare each policy provision not in conformity with Florida law be amended to comply with Florida law;

h.        declare that any ambiguities in the statute or policy be construed in favor of insurance coverage;

i.        declare that the statutes and policy provisions be construed strictly and most strongly against the insurer, and liberally in favor of the insured, so as to effect the dominant purpose of indemnity or payment to the insured;

j.        declare that the Plaintiff's Policy provides coverage for the Loss submitted by the Plaintiff;

k.        declare that the Plaintiff is entitled to a claim for attorneys' fees, costs and prejudgment interest against Defendant under Fla. Stat. §§ 86.011, 626.9373, 627.428, and 57.041 and determine amounts thereunder;

l.        determine and declare any other material matters pertaining to the respective rights and responsibilities under the policy, as needed to do complete justice in this case; and

m.        awarding any and all other equitable relief this court deems just and proper, and granting a trial by jury of all issues triable as of a right by a jury.

Plaintiff, OLLIE'S NEIGHBORHOOD GRILL, INC., further demands trial by jury of all issues so triable in accordance with Florida Statutes, Chapter 86, as well as for entry of judgment for Plaintiff as to all issues raised in this declaratory action, and against Defendant, MAXUM INDEMNITY COMPANY, for insurance proceeds, attorneys' fees, and costs pursuant to Fla. Stat. §§ 86.011, 626.9373, 627.428, 627.70152, and/or Fla. Stat. § 57.041.

## <u>CERTIFICATE OF SERVICE</u>

**I DO HEREBY CERTIFY** that a true and correct copy of this document will be served

on the Defendant along with the Summons in this action.

DATED: October 20, 2021

Respectfully submitted by:

/s/ *Ali A. Kadir*
**ALI A. KADIR, ESQ.**
Florida Bar No.: 13582
**KUHN RASLAVICH, P.A.**
986 Douglas Ave., Ste. 102
Altamonte Springs, FL 32714
Telephone: (407) 501-4833
Facsimile: (407) 501-4856
Ali@thekrfirm.com
Counsel for Plaintiff

IN THE CIRCUIT COURT OF THE
FIRST JUDICIAL CIRCUIT, IN AND
FOR SANTA ROSA COUNTY, FLORIDA

OLLIE'S NEIGHBORHOOD GRILL, INC.,

      Plaintiff,

v.                                CASE NO.:

MAXUM INDEMNITY COMPANY,

      Defendant.

_____/

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT

**COMES NOW,** the Plaintiff, OLLIE'S NEIGHBORHOOD GRILL, INC., by and through the undersigned counsel and pursuant to Rule 1.370 of the Florida Rules of Civil Procedure, and hereby files and submits to the Defendant, MAXUM INDEMNITY COMPANY, the following requests for admissions and requests that the Defendant admits to or denies the following in writing, within forty five (45) days of the service of the Complaint herein:

1. Admit that prior to September 16, 2020 you issued a policy of homeowners' insurance which provided insurance coverage to a property located at 6181 Highway 90, Milton, Florida 32570.

   **RESPONSE:**

2. Admit that the policy of homeowners' insurance which Defendant provided to Plaintiff covered the property located at 6181 Highway 90, Milton, Florida 32570 as of the date of the loss described in the Complaint, which was on or about September 16, 2020.

   **RESPONSE:**

3. Admit that the insurance policy Defendant issued which is described in the Complaint provided coverage to Plaintiff for damage caused to the property located at 6181 Highway 90, Milton, Florida 32570 as a result of loss described in the Complaint.

   **RESPONSE:**

4. Admit that the policy of homeowners' insurance which Defendant provided to Plaintiff for the property located at 6181 Highway 90, Milton, Florida 32570 was in full force and effect as of September 16, 2020.

**RESPONSE:**

5.  Admit that pursuant to the terms of Defendant's homeowners' insurance policy issued to Plaintiff for the property located at 6181 Highway 90, Milton, Florida 32570, Defendant was timely notified of the loss in question which occurred on or about September 16, 2020.

    **RESPONSE:**

6.  Admit that the loss described in the Complaint which occurred on or about September 16, 2020 was a covered event pursuant to the terms of the policy of homeowners' insurance which Defendant issued to the Plaintiff for the property located at 6181 Highway 90, Milton, Florida 32570.

    **RESPONSE:**

7.  Admit that Defendant received notice of the loss described in the Complaint at least 90 days prior to the filing of this law suit or before the claim was denied or underpayment issued.

    **RESPONSE:**

8.  Admit that Plaintiff is the recipient of the benefits related to the subject claim under the insurance policy which Defendant issued to Plaintiff for the property located at 6181 Highway 90, Milton, Florida 32570 as it pertains to the loss which occurred on or about September 16, 2020.

    **RESPONSE:**

9.  Admit that any payment Defendant issued on this claim was in accordance with the terms of the insurance policy at issue in this lawsuit.

    **RESPONSE:**

10. Admit that above-named Defendant is properly named in this action.

    **RESPONSE:**

**<u>CERTIFICATE OF SERVICE</u>**

**I DO HEREBY CERTIFY** that a true and correct copy of this document will be served

on the Defendant along with the Complaint and Demand for Jury Trial and Summons in this action.

DATED: October 20, 2021

/s/ *Ali A. Kadir*
**ALI A. KADIR, ESQ.**
Florida Bar No.: 13582
**KUHN RASLAVICH, P.A.**
986 Douglas Ave., Ste. 102
Altamonte Springs, FL 32714
Telephone: (407) 501-4833
Facsimile: (407) 501-4856
Ali@thekrfirm.com
Counsel for Plaintiff

IN THE CIRCUIT COURT OF THE
FIRST JUDICIAL CIRCUIT, IN AND
FOR SANTA ROSA COUNTY, FLORIDA

OLLIE'S NEIGHBORHOOD GRILL, INC.,

     Plaintiff,

v.                                CASE NO.:

MAXUM INDEMNITY COMPANY,

     Defendant.

_____/

## PLAINTIFF'S FIRST REQUEST TO PRODUCE TO DEFENDANT

**COMES NOW,** the Plaintiff, OLLIE'S NEIGHBORHOOD GRILL, INC., by and through

the undersigned counsel, pursuant to Rules 1.350 and 1.280(a) of the Florida Rules of Civil

Procedure, and hereby requests the Defendant, MAXUM INDEMNITY COMPANY, to furnish

copies of the following documents to the Plaintiff at 986 Douglas Ave., Ste. 102, Altamonte

Springs, FL 32714, within forty-five (45) days of service of the Complaint herein.

## DEFINITIONS AND INSTRUCTIONS

For purposes of this Request for Production, the following terms and definitions are

provided:

1.    <u>Plaintiff:</u>   The term "Plaintiff" as used herein shall mean OLLIE'S

NEIGHBORHOOD GRILL, INC., the homeowner.

2.    <u>Insured:</u>   The term "Insured" as used herein shall mean OLLIE'S

NEIGHBORHOOD GRILL, INC. and his/her representatives as defined in Paragraph 4 hereof.

3.    <u>Defendant:</u>   The term "Defendant" shall mean MAXUM INDEMNITY

COMPANY, whether by that name or any other, and its representatives as defined in Paragraph 4

hereof.

4.    <u>Representatives:</u>  The term "representatives" shall mean any and all present or

former partners, agents, employees, servants, officers, directors, attorneys, consultants, sureties,

indemnificators, insurers, independent contractors and other persons acting or purporting to act on behalf of the entity referred to.

5.     <u>You</u> and <u>Your</u>:  The terms "you" and "your" shall refer to Defendant (defined above) and any other person or entity acting or purporting to act on its behalf.

6.     <u>Document</u>:  The term "document" shall mean any written, printed, typed or other graphic or photographic matter (including without limitation, photographs, charts, graphs, microfiche, microfilm, videotapes, recordings and motion pictures and data stored on a computer disc or computer hard drive) and shall include the originals, identical copies and all non-identical copies, whether different from the original by reason of any notation made on each copy or otherwise and shall include, without limiting the generality of the foregoing, all letters, telegrams, teletypes, correspondence, contracts, agreements, notes, mechanical and electronic sound recordings and transcripts thereof (including, without limitation, tapes, cassettes and discs), computer records, computer printouts, other printed matter produced through computers, calendar and diary entries, memoranda, notes and records of all telephone or personal conversations, meetings and other communication, inter-office and intra-office communications, statements, manuals, summaries and compilations, minutes of meetings, charges, maps, reports, analysis, studies, graphs, prospectus, returns, statistics, pamphlets, books, offers, bulletins, order papers, articles, catalogs, records, tables, books of account, ledgers, vouchers, canceled checks, invoices, bills, receipts, tickets, worksheets and all drafts, alterations, modifications and changes to any of the foregoing, as well as all digitally stored and generated documents and notes.

7.     <u>Communication</u>:  The term "communication" as used herein shall mean any contact between or among the parties indicated, including but not limited to, all documents (defined above), telephone or personal conversations, meetings, e-mails or electronic contacts, conferences and discussions.  Once identified, a communication may be subsequently identified by use of a common description.

8.     <u>Identify</u>:  The term "identify" when used with reference to a person shall mean to:

    a.     State the full name of the person;

    b.     State the full name of the last known employer of the person;

    c.     State the last known occupation or title of the person with such employer;

        d.      State the last known business telephone number of the person;

        e.      State the last known home address of the person; and

        f.      State the last known home telephone number of the person.

Once identified, a person may be subsequently identified by uniform use of a standard name.

     9.    <u>Identify</u>:  The term "identify" when used with reference to a document shall mean to:

        a.      State a complete description of the document;

        b.      Identify the person who prepared the document;

        c.      State the date on which the document was prepared;

        d.      State the location at which the document was prepared; and

        e.      Identify the person who presently has care, custody and control of the document.

Once identified, a document may be subsequently identified by uniform use of a standard description.

     10.    <u>Person</u>:  The term "person" as used herein shall mean a natural person other than an entity and shall be construed to include groups of natural persons.

<u>Instructions</u>

     Should Defendant object to a Request to Produce or not respond pursuant to a claim of privilege, the Defendant is required to:

        a.      State the basis of the claim of privilege;

        b.      Identify the subject matter of the information to which a claim of privilege is made;

        c.      Identify all persons or entities who have had access to or claimed to be privileged or were present when the privileged information was discussed, and

        d.      Identify all persons or entities to whom the privileged information has been disclosed.

## PLAINTIFF'S FIRST REQUESTS TO PRODUCE

1.      A true and correct copy of all Declarations pages and the full and complete insurance policy(s) referenced in the Plaintiff's Complaint and a sworn statement of a corporate officer of Defendant attesting to the coverage and authenticity of the policy.

**RESPONSE:**

2.      A copy of any and all other Declarations pages and insurance policy(s) which may provide coverage to Plaintiff for the damages claimed in Plaintiff's Complaint.

**RESPONSE:**

3.      A copy of each and every document (defined above) which you reasonably anticipate may be introduced into evidence at the trial of this matter.

**RESPONSE:**

4.      A copy of any and all documents which you allege may support any affirmative defense which you have raised in this matter.

**RESPONSE:**

5.      A copy of any and all documents which you allege may support any Motion to Dismiss which you have filed in this matter.

**RESPONSE:**

6.      Copies of any and all statements and any transcripts for the same which have been reduced to writing and/or transcribed, from any person who has knowledge of the facts in this matter and/or evaluated the damages or claim, including any expert witness, engineer, contractor, person, entity, and/or the Defendant (defined above) herein.

**RESPONSE:**

7.      Copies of any and all recorded statement(s) and telephone conversations, as well as any transcripts including but not limited to Examinations Under Oath, which were taken of or provided by Plaintiff which are in your possession, custody or control.

**RESPONSE:**

8.     Copies of any and all recorded statement(s) and telephone conversations, as well as any transcripts for the same which has been reduced to writing and/or transcribed, including but not limited to Examinations Under Oath, which were taken of or provided by Plaintiff or his/her representatives (defined above) which are in your possession, custody or control.

**RESPONSE:**

9.     Copies of any and all recorded statement(s) and telephone conversations, as well as any transcripts for the same which has been reduced to writing and/or transcribed, which were taken of or provided by any witness to the loss and/or work performed or to be performed by Plaintiff which are in your possession, custody or control.

**RESPONSE:**

10.     Each and every document, report, chart, graph, object, summary, compilation of data or other thing relied upon by any of your experts, in whole or in part, in the formulation of any opinions and conclusion in this case.

**RESPONSE:**

11.     Copies of any photographs of Plaintiff's Property located at 6181 Highway 90, Milton, Florida 32570 which are in your possession, custody or control.

**RESPONSE:**

12.     Copies of any photographs which reflect any damage done at Plaintiff's Property located at 6181 Highway 90, Milton, Florida 32570 which are in your possession, custody or control.

**RESPONSE:**

13.     Copies of any photographs of any work performed by Plaintiff or his/her representatives (defined above) at Plaintiff's Property located at 6181 Highway 90, Milton, Florida 32570 which are in your possession, custody or control.

**RESPONSE:**

14.     Copies of any and all estimates and damage appraisals and other documents (defined above) referencing damage appraisals regarding Plaintiff's Property located at 6181 Highway 90, Milton, Florida 32570 which are in your possession, custody or control.

**RESPONSE:**

15.     Copies of any and all documents (defined above) upon which you based any denials of homeowner's insurance coverage for the incident described in Plaintiff's Complaint.

**RESPONSE:**

16.     Copies of any and all documents (defined above) upon which you based any denials of all or part of estimates or invoices submitted for work done or to be performed at Plaintiff's Property located at 6181 Highway 90, Milton, Florida 32570 as a result of the loss described in Plaintiff's Complaint.

**RESPONSE:**

17.     If there are any denials of insurance coverage being made by Defendant, then copies are requested of any and all applications for insurance, insurance forms, data sheets, correspondence, notices, facsimile, e-mails and other documents (defined above) which reference in any way any the insurance policy at issue in this matter.

**RESPONSE:**

18.     Copies of any and all correspondence, facsimile, notices, e-mails and other documents (defined above) which reference in any way any notices which you provided to Plaintiff regarding cancellation of the insurance policy at issue in this matter.

**RESPONSE:**

19.     Copies of all PORS, Proof of Mailing and other documents (defined above) which reflect in any way mailings made by you to Plaintiff regarding cancellation of the policy of insurance at issue in this matter.

**RESPONSE:**

20.     All reports and current curriculum vitae from any expert(s) retained for any reason regarding the Plaintiff's claim.

**RESPONSE:**

21.     Any and all e-mails, letters, facsimile, and other correspondence regarding any claims made by Plaintiff for homeowners insurance benefits as a result of the loss on September

16, 2020, including but not limited to, correspondence with experts, independent adjusters, appraisers, inspectors, and any other third party.

**RESPONSE:**

22.     All documents reflecting any payment made to any person (defined above) or entity for any reason as a result of the September 16, 2020 loss described in Plaintiff's Complaint.

**RESPONSE:**

23.     All books, treaties or authority used by Defendant's adjuster in determining what amount to pay or deny with respect to estimates, invoices and/or bills submitted to Defendant regarding the September 16, 2020 loss described in Plaintiff's Complaint.

**RESPONSE:**

24.     All writings, memoranda, notes or other materials reflecting examination of the Plaintiff's Property by Defendant or its agents.

**RESPONSE:**

25.     All proofs of loss received by Defendant from Plaintiff or his/her representatives (defined above).

**RESPONSE:**

26.     All estimates received by Defendant from any source for repairs to Plaintiff's Property located at 6181 Highway 90, Milton, Florida 32570.

**RESPONSE:**

27.     All Peer reviews or comparative estimates conducted on Plaintiff's bills and invoices at issue in this matter.

**RESPONSE:**

28.     Defendant's latest claims manual or statement of policies and procedures on the processing or handling of homeowner's claims.

**RESPONSE:**

29.     Any training manuals, guides and documents which Defendant has provided to its adjusters regarding adjusting property damage claims from February 2011 to present.

**RESPONSE:**

30.     Copies of previous estimates by anyone conducting a peer review on Plaintiff's estimate provided to the Defendant for the work in question in this matter.

**RESPONSE:**

31.     All documents showing the total amount paid during the past three years to any third parties providing services, analyses, or opinions with regard to the Plaintiff's claim.

**RESPONSE:**

32.     A copy of the contract/agreement/document (if any) the Defendant has with any preferred water contractors or engineers providers who may provide testimony at the trial of this matter.

**RESPONSE:**

33.     All documents that relate to the drafting, meaning, and interpretation of any subject language as such terms or provisions are used in the policy at issue.

**RESPONSE:**

34.     Pursuant to Fla. R. Civ. P. 1.310(b)(6), please produce three (3) alternative dates for the deposition of the representative(s) with the most knowledge of the claim asserted by the Plaintiff's Complaint as well as the individual who was primarily responsible for the decision to deny Plaintiff's insurance claims. A designation of the information upon which such examination will proceed will be provided under separate cover.

**RESPONSE:**

35.     Copies of any and all notices sent by you or your representatives (defined above) to Plaintiff to participate in a mediation program under Fla. Stat § 627.7015 and copies of any and all PORS, Proof of Mailing and other documents (defined above) which reflect in any way mailings made by you to Plaintiff regarding the same.

**RESPONSE:**

36.     Copies of any and all notices sent by you or your representatives (defined above) to Plaintiff to participate in an appraisal process under Fla. Stat § 627.7015 and copies of any and all PORS, Proof of Mailing and other documents (defined above) which reflect in any way mailings made by you to Plaintiff regarding the same.

**RESPONSE:**

37.     All documents regarding the date you anticipated litigation in the underlying insurance claim.

**RESPONSE:**

38.     The complete underwriting file for the insured property, including any reports, forms, photographs, and/or notes.

**RESPONSE:**

## <u>CERTIFICATE OF SERVICE</u>

**I DO HEREBY CERTIFY** that a true and correct copy of this document will be served on the Defendant along with the Complaint and Summons in this action.

DATED: October 20, 2021

/s/ *Ali A. Kadir*
**ALI A. KADIR, ESQ.**
Florida Bar No.: 13582
**KUHN RASLAVICH, P.A.**
986 Douglas Ave., Ste. 102
Altamonte Springs, FL 32714
Telephone: (407) 501-4833
Facsimile: (407) 501-4856
Ali@thekrfirm.com
Counsel for Plaintiff

IN THE CIRCUIT COURT OF THE
FIRST JUDICIAL CIRCUIT, IN AND
FOR SANTA ROSA COUNTY, FLORIDA

OLLIE'S NEIGHBORHOOD GRILL, INC.,

     Plaintiff,

v.                                        CASE NO.:

MAXUM INDEMNITY COMPANY,

     Defendant.

_____/

### PLAINTIFF'S NOTICE OF SERVING INTERROGATORIES TO DEFENDANT

**COMES NOW** the Plaintiff, OLLIE'S NEIGHBORHOOD GRILL, INC., by and through
the undersigned counsel, pursuant to Rules 1.280(a) and 1.340 of the Fla. R. Civ. Pro., and hereby
submit to the Defendant, MAXUM INDEMNITY COMPANY, the following Interrogatories
numbered 1 to 15 to be answered under oath by an authorized agent of the Defendant within forty-
five (45) days of service of the Complaint herein.  Where knowledge or information in the
possession of the Defendant is requested, such request includes knowledge of the partners,
employees, agents, representatives and, unless privileged, attorneys for the Defendant.

### CERTIFICATE OF SERVICE

**I DO HEREBY CERTIFY** that a true and correct copy of this document will be served
on the Defendant along with the Complaint and Summons in this action.

                        DATED: October 20, 2021

                        Respectfully submitted by:

                        */s/ Ali A. Kadir*
                        **ALI A. KADIR, ESQ.**
                        Florida Bar No.: 13582
                        **KUHN RASLAVICH, P.A.**
                        986 Douglas Ave., Ste. 102
                        Altamonte Springs, FL 32714
                        Telephone: (407) 501-4833
                        Facsimile: (407) 501-4856
                        Ali@thekrfirm.com
                        Counsel for Plaintiff

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

For purposes of these Interrogatories, the following terms and definitions are provided:

1.      Plaintiff:    The term "Plaintiff" as used herein shall mean OLLIE'S NEIGHBORHOOD GRILL, INC., and his/her representatives as defined in Paragraph 4 hereof.

2.      Insured:    The term "Insured" as used herein shall mean OLLIE'S NEIGHBORHOOD GRILL, INC. and his/her representatives as defined in Paragraph 4 hereof.

3.      Defendant:    The term "Defendant" shall mean MAXUM INDEMNITY COMPANY, whether by that name or any other, and its representatives as defined in Paragraph 4 hereof.

4.      Representatives:    The term "representatives" shall mean any and all present or former agents, employees, servants, officers, directors, attorneys, consultants, sureties, indemnificators, insurers, and other persons acting or purporting to act on behalf of the entity referred to.

5.      You and Your:    The terms "you" and "your" shall refer to Defendant (defined above) and any other person or entity acting or purporting to act on its behalf.

6.      Document:    The term "document" shall mean any written, printed, typed or other graphic or photographic matter (including without limitation, photographs, charts, graphs, microfiche, microfilm, videotapes, recordings and motion pictures and data stored on a computer disc or computer hard drive) and shall include the originals, identical copies and all non-identical copies, whether different from the original by reason of any notation made on each copy or otherwise and shall include, without limiting the generality of the foregoing, all letters, telegrams, teletypes, correspondence, contracts, agreements, notes, mechanical and electronic sound recordings and transcripts thereof (including, without limitation, tapes, cassettes, discs and digital recordings), computer printouts and other printed matter produced through computers, calendar and diary entries, memoranda, notes and records of all telephone or personal conversations, meetings or any other communication, inter-office and intra-office communications, statements, manuals, summaries and compilations, minutes of meetings, charges, maps, reports, analysis, studies, graphs, prospectus, returns, statistics, pamphlets, books, offers, bulletins, order papers, articles, catalogs, records, tables, books of account, ledgers, vouchers, canceled checks, invoices, bills, receipts, tickets, worksheets, computer and digital records, as well as all digitally stored and

generated documents and notes, and all drafts, alterations, modifications and changes to any of the foregoing.

       7.    <u>Identify</u>:  The term "identify" when used with reference to a person shall mean to state the full name of the person, last known full address of the person, the employer of the person (if known), and the business phone number of the person (or home phone number of the person if their business phone number is not known).   Once identified, a person may be subsequently identified by uniform use of a standard name.

       8.    <u>Plaintiff's Property:</u>  The term "Plaintiff's Property" as used herein shall be referenced to the property located at 6181 Highway 90, Milton, Florida 32570.

<u>Instructions</u>

Should the Defendant claim an Interrogatory is objected to or not answered under a claim of privilege, the Defendant is required to:

    a.    State the basis of the claim of privilege;

    b.    Identify the subject matter of the information to which a claim of privilege is made;

    c.    Identify all persons or entities who has had access to or claimed to be privileged or were present when the privileged information was discussed, and

    d.    Identify persons or entities to whom the privileged information has been disclosed.

**INTERROGATORY NO. 1:**     What is the name and address of the person answering these interrogatories, and, if applicable, the person's official position or relationship with the party to whom the interrogatory is directed?

    **ANSWER:**

**INTERROGATORY NO. 2:**     State the facts upon which you rely for each affirmative defense in your Answer to the Complaint, or in support of a Motion to Dismiss if such was filed.

    **ANSWER:**

**INTERROGATORY NO. 3:**     State each and every policy provision upon which you are relying in connection with your decision to deny, or otherwise not make payment in full to Plaintiff for the property damages incurred by Plaintiff or claimed by Plaintiff in this matter.

    **ANSWER:**

**INTERROGATORY NO. 4:**     Have you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, or by Plaintiff, concerning any issue in this lawsuit?  If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place, and substance of each statement.

    **ANSWER:**

**INTERROGATORY NO. 5:**     State the name and address of every person known to you, your agents, or your attorneys, who has knowledge about, or possession, custody, or control of, any model, plat, map, drawing, motion picture, videotape, or photograph pertaining to any fact or issue involved in this controversy; and describe as to each, what item such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

    **ANSWER:**

**INTERROGATORY NO. 6:** Identify by name, address, phone number, employer and title/position all persons who on your behalf:

    a.    Inspected the Plaintiff's Property

    b.    Evaluated the claim

      c.      Prepared any reports in connection with this claim, including but not limited to comparative estimates, peer reviews, engineering reports, and estimates evaluating any and all loss to the Plaintiff' property.

      d.      Denied coverages for the claim; and

      e.      Approved payment(s) made.

For each such individual state what decisions were made by said individual.

      **ANSWER:**

**INTERROGATORY NO. 7:**    As to any and all decisions identified in answer to Interrogatory 6 above, identify with specificity all documents which were reviewed by and relied upon by said individual(s) in making said determination, identify (defined above) all persons with whom said individual(s) communicated in making said determination and state the dates when each such decision was made.

      **ANSWER:**

**INTERROGATORY NO. 8:**    If you allege that Plaintiff has failed to perform any conditions precedent to the bringing of this action, or has failed to fulfill any duties after the accident and/or loss, please identify (defined above) each such person or company with specificity and state what condition precedent or duty under your insurance policy was not timely performed or met.

      **ANSWER:**

**INTERROGATORY NO. 9:**    If you allege that Plaintiff has failed to perform any conditions precedent to the bringing of this action, or has failed to fulfill any duties after the accident and/or loss, please state with specificity all facts and circumstances to support any contention Defendant was prejudiced by the alleged failure to comply with any conditions precedent.

      **ANSWER:**

**INTERROGATORY NO. 10:**    List the names and addresses of all persons who are believed or known by you, your agents, or your attorneys to has any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which the witness has knowledge.  The issues in this lawsuit include, but are not limited to, the property damage event which is alleged to have occurred on or about September 16, 2020 described in the Complaint, the property damages sustained at the Plaintiff's Property in regards to said event, the work performed or to be performed

by Plaintiff and his/her representatives (defined above) described in the Complaint and its attachments, the invoices and bills submitted by Plaintiff or representatives (defined above) to Defendant, the claims as set forth by Plaintiff in the Complaint, and the defenses which you are or anticipate asserting to Plaintiff's claims.

**ANSWER:**

**INTERROGATORY NO. 11:**   As to any statements of any kind (written, recorded, transcribed, digital or otherwise) obtained by you from Plaintiff or any other witness in connection with the property damage occurrence which is the basis of this lawsuit, including the invoices and damages alleged by the Plaintiff, identify (defined above) each such person from whom a statement was taken, state the date when each such statement was taken, state the manner in which it was taken and identify (defined above) the person who took or recorded each such statement.

**ANSWER:**

**INTERROGATORY NO. 12:**   As to any portion of the loss alleged and estimates of Plaintiff attached to the Complaint which you contend are not covered by the Plaintiff's policy issued by you, please set forth the specific item(s) which you contend are not covered, and for each such item(s), all facts supporting your contention that no coverage exists for said item(s).

**ANSWER:**

**INTERROGATORY NO. 13:**   As to any portion of the estimates of Plaintiff attached to the Complaint which you contend are not reasonable in their amount, specifically identify that portion of the work performed or to be performed, invoice or bill which you allege to be unreasonable and state all factual and legal basis which you allege support that contention.

**ANSWER:**

**INTERROGATORY NO. 14:**   With regard to any third parties who provided services, analyses, adjusting, or otherwise rendered opinions to you in adjusting this claim, please identify:

      a.   The name of the individual who hired the third party on behalf of your company; and

      b.   The date and nature of the services provided by the third party; and

    c.   Each case in which the third party has been retained by you for any purpose during the past three years; and

    d.   The amount of money that the third party has been paid by you during the past three years; and

    e.   Please state the taxpayer identification numbers for both you and the third party.

**ANSWER:**

**<u>INTERROGATORY NO. 15</u>:**    On what date did you anticipate litigation in the underlying insurance claim?

**ANSWER:**

## <u>AFFIDAVIT</u>

Dated _____, 20___.     _____
                                            Signature of Agent for Defendant

**STATE OF** _____

**COUNTY OF** _____

      **BEFORE ME**, the undersigned authority, personally appeared the Agent for Defendant MAXUM INDEMNITY COMPANY _____, who is personally known to me or who produced _____ as identification, and who deposed and stated that the information contained in the foregoing Answers to Interrogatories is true and correct, to the best of his/her knowledge and belief.

      **SWORN AND SUBSCRIBED** before me in the aforesaid County and State this _____ day of _____, 20____.

                                    _____
                                    Notary Public
                                    Commission No. _____

      (SEAL)

                                    _____
                                    (Name of Notary typed, printed or stamped)
                                    My commission expires: _____



KUHN RASLAVICH
ATTORNEYS AT LAW

986 Douglas Avenue, Suite 102
Altamonte Springs, Florida 32714

ALI A. KADIR, ESQ.                                                    Telephone: (407) 501-4833
Ali@theKRfirm.com                                                    Facsimile: (407) 501-4856

October 28, 2021

*__Via Electronic Service__*
Maxum Indemnity Company
c/o Insurance Commissioner
Service of Process Section
200 East Gaines Street
Tallahassee, FL 32314-6100

|  |  |
|---|---|
| **RE:** | OLLIE'S NEIGHBORHOOD GRILL, INC. v. MAXUM INDEMNITY COMPANY |
| **Date of Loss:** | September 16, 2020 |
| **Claim No.:** | BDG-0138349-01-01-01 |
| **Case No.:** | 2021-000903-CA |

To whom it may concern:

Our office represents OLLIE'S NEIGHBORHOOD GRILL, INC. in the above referenced matter. Please allow this correspondence to serve as our initial request to conduct the deposition of MAXUM INDEMNITY COMPANY's designated corporate representative(s). Pursuant to Florida Rule of Civil Procedure 1.310(b)(6), attached hereto are the designated matters on which this deposition is requested. Within twenty (20) days of your receipt of this correspondence, kindly provide our office with proposed dates that are within the next ninety (90) days for this deposition to occur.

In addition, please allow this correspondence to serve as our initial request to conduct the depositions of the field adjuster(s) and desk adjuster(s) assigned to the above referenced claim. Within twenty (20) days of your receipt of this correspondence, kindly provide our office with proposed dates that are within the next ninety (90) days for these depositions to occur, and advise if you will agree to produce these witnesses or if a subpoena(s) will be necessary.

Thank you in advance for your anticipated cooperation.

Sincerely,

/s/ Ali A. Kadir
**ALI A. KADIR, ESQ.**
**KUHN RASLAVICH, P.A.**

**Enclosures:** Matters Designated Pursuant to Florida Rule of Civil Procedure 1.310(b)(6)

| **Boca Raton** | **Tampa** | **Orlando** |
|---|---|---|
| 2300 NW Corporate Boulevard., Suite 110 | 2110 West Platt Street | 986 Douglas Avenue, Suite 102 |
| Boca Raton, Florida 33431 | Tampa, Florida 33606 | Altamonte Springs, Florida 32714 |
| (954) 372 – 3272 | (813) 422 – 7782 | (407) 501 – 4833 |

www.theKRfirm.com

**Matters Designated Pursuant to Florida Rule of Civil Procedure 1.310(b)(6)**

1. The claims decision made by Defendant regarding the Plaintiff's Claim, including the reason(s) why the Defendant failed to pay any portion of the Plaintiff's Claim.

2. All facts supporting the reason(s) why Defendant failed to pay the Plaintiff's Claim.

3. The identity of all people and entities (including full name, title, and the name of the person's employer) who participated in determining whether to pay the Plaintiff's Claim and/or how much of Plaintiff's Claim to pay.

4. The identity of all people and entities (including full name, title, and the name of the person's employer) who visited the Insured Premises on Defendant's behalf.

5. All facts Defendant learned during Defendant's investigation, adjustment and valuation of the Plaintiff's Claim, which support the claims decisions made by Defendant with respect to the Plaintiff's Claim.

6. The insurance policy language which Defendant contends supports any claims decision(s) made by Defendant with respect to the Plaintiff's Claim.

7. Whether or not Defendant has made any coverage determination(s) with respect to the Plaintiff's Claim and, if not, the reasons therefore.

8. All facts supporting Defendant's contention that the damages sought in the instant lawsuit are excluded from coverage under the Plaintiff's Policy or are otherwise limited by the Plaintiff's Policy.

9. All facts supporting Defendant's contention that the entire amount of the Loss is not recoverable under the Plaintiff's Policy.

10. All steps taken by Defendant to investigate, adjust and handle the Plaintiff's Claim from the date it was initially reported to Defendant until the date this lawsuit was filed.

11. The date(s), scope and extent of Defendant's investigation into the Plaintiff's Claim.

12. Any estimates prepared of the Plaintiff's damages.

13. The reasons why the Plaintiff's damages were not paid.

14. All decisions made by or on behalf of Defendant regarding the adjustment, investigation, and failure to pay any amount of the Plaintiff's Claim and the basis for those decisions.

15. All of Defendant's written discovery responses served by Defendant in this matter.

16. The cause and origin that Defendant attributes to the Plaintiff's Claim, and all facts supporting Defendant's position in this regard.

17. All facts supporting Defendant's affirmative defenses that Defendant has alleged in its Answers and Affirmative Defenses.

18. All documents supporting Defendant's affirmative defenses that Defendant has alleged in its Answers and Affirmative Defenses.

19. All facts supporting Defendant's denial of any allegations in Plaintiff's Complaint.

20. All documents supporting Defendant's denial of any allegations in Plaintiff's Complaint.

21. All facts supporting Defendant's denial of any of Plaintiff's requests for admissions.

22. All documents supporting Defendant's denials of any of Plaintiff's Requests for Admissions.

23. All estimates submitted to Defendant with respect to the Plaintiff's Claim.

24. All damages that form the basis of the Plaintiff's Claim.

25. All issues raised by the Pleadings.

26. The handling of the Plaintiff's Claim.

27. The Plaintiff's Policy and all provisions, exclusions and duties contained therein.

28. The date the Defendant anticipated litigation in the underlying insurance claim and basis for same.

29. The complete underwriting file for the property including any photographs, notes, forms, and/or reports.

30. The extent of Defendant's financial relationship, including amounts paid or payable, to any third party who participated in determining whether to pay the Plaintiff's Claim and/or how much of Plaintiff's Claim to pay.

31. The extent of Defendant's financial relationship, including amounts paid or payable, to any third party who participated in the investigation of the Plaintiff's Claim.

32. The extent of Defendant's financial relationship, including amounts paid or payable, to any third party generating or providing information upon which Defendant relied in making any decision(s) or taking any action(s) with respect to the Plaintiff's Claim.

33. Regarding the third parties identified in paragraphs 30, 31, and 32, the extent of the Defendant's financial and business relationship with the third party and the nature of this relationship.

34. Regarding the third parties identified in paragraphs 30, 31, and 32, the total length of time that the Defendant has maintained a financial or business relationship the third party.

35. Regarding the third parties identified in paragraphs 30, 31, and 32, the total number of times that the Defendant has retained the third party for any services and the nature of said services.

36. Regarding the third parties identified in paragraphs 30, 31, and 32, the total amount of money that the Defendant has paid to the third party during their financial or business relationship.

37. Regarding the third parties identified in paragraphs 30, 31, and 32, the total amount of money that the Defendant has paid to the third party for any services with respect to the Plaintiff's Claim and the nature of said services.

38. Regarding the third parties identified in paragraphs 30, 31, and 32, if any amount has not been paid, the total amount of money that the Defendant has payable to the third party during their financial or business relationship.

39. Regarding the third parties identified in paragraphs 30, 31, and 32, if any amount has not been paid, the total amount of money that the Defendant has payable to the third party for any services with respect to the Plaintiff's Claim and the nature of said services.

40. Regarding the third parties identified in paragraphs 30, 31, and 32, the extent of each third party's financial relationship, including amounts paid or payable, to any other third party who participated in determining whether to pay the Plaintiff's Claim and/or how much of Plaintiff's Claim to pay.

41. Regarding the third parties identified in paragraphs 30, 31, and 32, the extent of each third party's financial relationship, including amounts paid or payable, to any other third party who participated in the investigation of the Plaintiff's Claim.

42. Regarding the third parties identified in paragraphs 30, 31, and 32, the extent of each third party's financial relationship, including amounts paid or payable, to any other third party generating or providing information upon which Defendant relied in making any decision(s) or taking any action(s) with respect to the Plaintiff's Claim.

43. Regarding the third parties identified in paragraphs 30, 31, and 32, the extent of each third party's financial and business relationship with any other third party and the nature of this relationship.

44. Regarding the third parties identified in paragraphs 30, 31, and 32, the total length of time that each third party has maintained a financial or business relationship with any other third party.

45. Regarding the third parties identified in paragraphs 30, 31, and 32, the total number of times that each third party has retained any other third party for any services and the nature of said services.

46. Regarding the third parties identified in paragraphs 30, 31, and 32, the total amount of money that each third party has paid to any other third party during their financial or business relationship.

47. Regarding the third parties identified in paragraphs 30, 31, and 32, the total amount of money that each third party has paid to any other third party for any services with respect to the Plaintiff's Claim and the nature of said services.

48. Regarding the third parties identified in paragraphs 30, 31, and 32, if any amount has not been paid, the total amount of money that each third party has payable to any other third party during their financial or business relationship.

49. Regarding the third parties identified in paragraphs 30, 31, and 32, if any amount has not been paid, the total amount of money that each third party has payable to any other third party for any services with respect to the Plaintiff's Claim and the nature of said services.

Case 3:21-cv-03798-MCR-EMT   Document 1-1   Filed 12/03/21   Page 39 of 45

IN THE CIRCUIT COURT OF THE
FIRST JUDICIAL CIRCUIT, IN AND
FOR SANTA ROSA COUNTY, FLORIDA

OLLIE'S NEIGHBORHOOD GRILL, INC.,

    Plaintiff,

v.                              CASE NO.:

MAXUM INDEMNITY COMPANY,

    Defendant.

_____/

## DESIGNATION EMAIL ADDRESS FOR SERVICE OF COURT DOCUMENTS

KUHN RASLAVICH, P.A., by and through the undersigned attorneys, hereby designate the following email addresses for use pursuant to the Florida Rule of Judicial Administration 2.516:

Ali@thekrfirm.com
Ben@thekrfirm.com
service2@thekrfirm.com

## CERTIFICATION OF SERVICE

**I DO HEREBY CERTIFY** that a true and correct copy of this document will be served on the Defendant along with the summons in this action.

DATED: October 20, 2021

/s/ *Ali A. Kadir*
**ALI A. KADIR, ESQ.**
Florida Bar No.: 13582
**KUHN RASLAVICH, P.A.**
986 Douglas Ave., Ste. 102
Altamonte Springs, FL 32714
Telephone: (407) 501-4833
Facsimile: (407) 501-4856
Ali@thekrfirm.com
Counsel for Plaintiff

Filing # 137267483 E-Filed 10/26/2021 11:12:19 AM

## IN THE CIRCUIT OR COUNTY COURT IN AND FOR SANTA ROSA COUNTY, FLORIDA
## CIVIL DIVISION

OLLIE'S NEIGHBORHOOD GRILL, INC.,

     Plaintiff,                 Case No.: 21000903CAMXAX

v.                             Division A

MAXUM INDEMNITY COMPANY,

     Defendant.

_____/

### ORDER TO PLAINTIFF REGARDING REQUIRED REPORTING

THIS CAUSE, having come before the Court *sua sponte* upon the filing of this action and pursuant to First Judicial Circuit Administrative Order No. 2021-12, it is hereby,

ORDERED and ADJUDGED that the Plaintiff **shall** do the following:

1. Review and become familiar with First Judicial Circuit Administrative Order No. 2021-12.

2. Within 5 days of service of the complaint on the last of all named Defendants file a Notice of Final Service with the Court that includes the following:

   a. Notice that the last of all named Defendants to be served has been served and the date of said service.

   b. A statement as to whether the case is complex under Fla. R. Civ. P. 1.201, streamlined, or general as defined in First Judicial Circuit Administrative Order No. 2021-12.

3.    Upon filing the Notice of Final Service required in paragraph 2, the Plaintiff

shall also send a copy of said Notice to the **assigned** Judge's Judicial Assistant via the

Proposed Documents function of the ePortal.

4.    Failure of the Plaintiff to strictly comply with this Order shall subject the

Plaintiff to appropriate sanctions including, but not limited to, the striking of pleadings

or dismissal of this action without prejudice.

DONE AND ORDERED on October 26, 2021 in Chambers at Santa Rosa County, Florida.

_____
**J. SCOTT DUNCAN, CIRCUIT JUDGE**

**In cases wherein one party is unrepresented (*pro se*), it is the responsibility of the sole
attorney in the case to serve within five business days this Order/Judgment upon any *pro se*
party who does not have access to and is not a registered user of Florida Court's e-Filing
Portal.**

SERVICE LIST
OLLIE'S NEIGHBORHOOD GRILL, INC.
MAXUM INDEMNITY COMPANY
Ali A Kadir, Private Attorney

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR SANTA ROSA COUNTY, FLORIDA

OLLIE'S NEIGHBORHOOD GRILL, INC.,

      Plaintiff,                         CASE NO.:  2021-000903-CA

vs.

MAXUM INDEMNITY COMPANY,

      Defendant.

_____/

### DEFENDANT, MAXUM INDEMNITY COMPANY'S  MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT

Defendant, MAXUM INDEMNITY COMPANY ("MAXUM") by and through its undersigned counsel, and pursuant to Florida Rule of Civil Procedure 1.090(b), files its Motion for Extension of Time to Respond to Plaintiff's Complaint (the "Motion") and in support thereto, states as follows:

1.     On November 3, 2021, Plaintiff served Defendant with the Complaint in this matter.

2.     Defendant and its counsel require additional time to respond to the Complaint. Counsel for the Defendant has contacted the Plaintiff's counsel prior to the filing of this Motion to request the relief sought herein, and Plaintiff's counsel has not responded. Therefore, Defendant seeks a 20-day extension of time from November 23, 2021 to respond to Plaintiff's Complaint.

3.     It is within the Court's discretion to grant an extension of time for cause shown, if the motion requesting the extension of time is made before the expiration of the period of the time originally prescribed.  *See* Fla. R. Civ. P. 1.090(b); *Khambaty v. Lepine*, 734 So. 2d 1183 (Fla. 2d DCA 1999).

4.      An extension of time is necessary in order to afford counsel for Defendant sufficient time to respond to the Complaint.  This Motion is not made for purposes of delay and should this Motion be granted, no parties will be unduly prejudiced.

5.      Defendant reserves all valid objections to this action, both mandatory and discretionary, provided under Florida law, including but not limited to the defense of (1) lack of jurisdiction over the subject matter; (2) lack of jurisdiction over the person; (3) improper venue; (4) insufficiency of process; (5) insufficiency of service of process; (6) failure to state a cause of action; and (7) failure to join indispensable parties.

WHEREFORE, Defendant, MAXUM INDEMNITY COMPANY, respectfully requests this Honorable Court grant this Motion for Extension of Time to Respond to Plaintiff's Complaint.

BUTLER WEIHMULLER KATZ CRAIG LLP

/s/ Troy J. Seibert
**TROY J. SEIBERT, ESQ.**
Florida Bar No.:  0084668
tseibert@butler.legal
**VINCENT A. FERNANDEZ, ESQ.**
Florida Bar No.: 1004601
vfernandez@butler.legal
**AARON M. FORTIER, ESQ.**
Florida Bar No.:  1010478
afortier@butler.legal
**JANEE T. PRINCE, ESQ.**
Florida Bar No.: 0125280
jprince@butler.legal
Secondary:   msmalls@butler.legal
                      srivera@butler.legal
                      mmartinez@butler.legal
400 N. Ashley Drive, Suite 2300
Tampa, Florida  33602
Telephone:   (813) 281-1900
Facsimile:    (813) 281-0900
*Attorneys for Defendant,*
*Maxum Indemnity Company*

## CERTIFICATE OF SERVICE

I certify that a copy hereof has been furnished to:

> Ali A. Kadir, Esq.
> Kuhn Raslavich, P.A.
> 986 Douglas Avenue, Suite 102
> Altamonte Springs, FL  32714
> Ali@thekrfirm.com
> *Counsel for Plaintiff*

by E-portal on November 23, 2021.

/s/ Troy J. Seibert
**TROY J. SEIBERT, ESQ.**

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR SANTA ROSA COUNTY, FLORIDA

OLLIE'S NEIGHBORHOOD GRILL, INC.,

     Plaintiff,                        CASE NO.:  2021-000903-CA

vs.

MAXUM INDEMNITY COMPANY,

     Defendant.

_____/

### AGREED ORDER GRANTING DEFENDANT, MAXUM INDEMNITY COMPANY'S MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT

**THIS CAUSE** having come before the Court by agreement of the Parties upon the foregoing and the Court having reviewed same and being otherwise duly advised in the premises, it is hereby **ORDERED and ADJUDGED:**

Defendant's Motion for an Extension of Time to Respond to Plaintiff's Complaint is hereby **GRANTED.**

Defendant shall serve its Response to Plaintiff's Complaint no later than **December 13, 2021.**

**DONE and ORDERED** in Milton, Santa Rosa County, Florida.

eSigned by CIRCUIT COURT JUDGE CLIFTON DRAKE  in 21000903CAMXAX
on 12/01/2021 15:37:06 koyFywzd

**HONORABLE DARLENE F. DICKEY**
CIRCUIT JUDGE

Copies Furnished to:
Ali A. Kadir, Esq.
Troy J. Seibert, Esq., Vincent A. Fernandez, Esq., and Aaron M. Fortier, Esq.