UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**OLLIE'S NEIGHBORHOOD GRILL INC,**

    **Plaintiff,**

v.                                          **CASE NO. 3:21cv3798-MCR-EMT**

**MAXUM INDEMNITY COMPANY,**

    **Defendant.**

_____/

## ORDER

Pending is the Defendant's Motion to Dismiss Count II of Plaintiff's Complaint, ECF No. 6, asserting that this claim for declaratory relief is duplicative of the Count I breach of contract claim. Having reviewed the matter, the Court finds that the motion is due to be granted.

**I.    Background**

This case arises out of an insurance dispute.[1] The Complaint alleges that Plaintiff's property and dwelling located at 6181 Highway 90, Milton Florida, suffered damage during Hurricane Sally on September 16, 2020, and that the loss was covered by a policy issued by the Defendant. The Complaint alleges that the

---

[1] Plaintiff filed suit in state court, and Defendant timely removed the case on the basis of diversity jurisdiction. *See* 28 U.S.C. §§ 1441, 1446. There is no dispute that the parties' citizenships are diverse and the amount in controversy is met for federal jurisdiction. *See* 28 U.S. 1332(a).

Defendant failed to provide coverage for the loss, failed to acknowledge that payment would be forthcoming, and failed to issue payment in full. In Count I, Plaintiff asserts a breach of contract and seeks payment for all unpaid bills plus attorney's fees and costs, pursuant to Fla. Stat. §§ 627.428, 627.70152 and/or 626.9373. In Count II, Plaintiff seeks a declaratory judgment under Florida law, *see* Florida Statutes Chapter 86, asserting that as a result of ambiguous policy exceptions and exclusions, as well as Defendant's disagreement over pricing, Plaintiff is in doubt as to the legal relations between the parties and its entitlement to coverage. More specifically, Plaintiff seeks a declaration as to its entitlement to insurance benefits under the policy, whether Plaintiff's further compliance is waived by Defendant's breach and its prior acknowledgement of coverage, and that Plaintiff has complied with all conditions precedent.

     Defendant moves to dismiss Count II as duplicative and subsumed within the breach of contract claim. Plaintiff opposes the motion, arguing that a motion to dismiss tests the plausibility, not redundancy, of a claim, and even if redundant, the Federal Rules of Civil Procedure provide that a declaratory judgment is not precluded by "[t]he existence of another adequate remedy." Fed. R. Civ. P. 57.

## II.    Discussion

Courts exercising diversity jurisdiction apply federal procedural law and state substantive law.  See *Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245, 1259 (11th Cir. 2015) (citing *Hanna v. Plumer,* 380 U.S. 460, 465 (1965) and *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)).  Therefore, federal notice pleading principles apply, requiring only a short and plain statement of the claim showing that the pleader is entitled to relief and containing facts sufficient to state a claim that is plausible on its face.  See Fed. R. Civ. P. 8(a)(2); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 585 (2007).  And, as Plaintiff contends, a motion to dismiss generally "tests a claim's plausibility – not redundancy."  *Tiro Beachwear Inc. v. Foremost Ins. Co.*, No. 6:20cv425ORL22DCI, 2020 WL 5983830, at *3 (M.D. Fla. Apr. 8, 2020).

While Count II is pled as a claim under the Florida Declaratory Judgment Act, Florida Statutes Chapter 86, this law is considered "a procedural mechanism that confers subject matter jurisdiction on Florida's circuit and county courts; it does not confer any substantive rights."  *Coccaro v. Geico Gen. Ins. Co.*, 648 F. App'x 876, 881 (11th Cir. 2016) (citing *Garden Aire Vill. S. Condo Ass'n Inc. v. QBE Ins. Corp.*, 774 F. Supp. 2d 1224, 1227 (S.D. Fla. 2011), and *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1138 n. 3 (11th Cir. 2005) (stating "[t]here is little doubt . . . that the

district court had to apply the [federal] Declaratory Judgment Act, rather than the state declaratory judgment act, in this action." (citation omitted)). Because the Florida Declaratory Judgment Act is procedural as opposed to substantive, the Court construes the claim as if pled under the federal Declaratory Judgment Act, 28 U.S.C. § 2201. *See Coccaro,* 648 F. App'x at 881; *Johnson v. Chase Bankcard Servs., Inc.*, No. 6:19-CV-2252-CEM-LRH, 2022 WL 289157, at *5 n. 4 (M.D. Fla. Jan. 31, 2022) (collecting cases and concluding a declaratory judgment claim pled under Florida law is construed under the federal Declaratory Judgment Act). Under the federal Act, a district court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U. S.C. § 2201(a). Similarly, and the federal rules provide that an appropriate declaratory judgment is not precluded by "[t]he existence of another adequate remedy." Fed. R. Civ. P. 57. Nonetheless, district courts retain "broad statutory discretion to decline declaratory relief." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995). The Supreme Court has emphasized that under the Declaratory Judgment Act, a court "*may*" declare rights, "not that it *must* do so." *MedImmune, Inc. v. Genentech, Inc.,* 549 U.S. 118, 136 (2007).

In exercising this discretion in the insurance context, district courts in the Eleventh Circuit have split over whether to allow a declaratory judgment claim to

CASE NO. 3: 21cv3798-MCR-EMT

proceed along with a comparable breach of contract claim. *See Beuthin v. Hartford Ins. Co. of Midwest*, No. 5:20CV175-MW/MJF, 2020 WL 6947383, at *2 (N.D. Fla. Sept. 2, 2020); *McManus v. Nat'l Fire & Marine Ins. Co.*, No. 6:19cv367ORL41TBS, 2019 WL 5391180, at *2 (M.D. Fla. May 31, 2019) (noting courts in the Eleventh Circuit have ruled both ways); *Kenneth F. Hackett & Associates, Inc. v. GE Capital Info. Tech. Sols., Inc.*, 744 F. Supp. 2d 1305, 1310 (S.D. Fla. 2010) (collecting and comparing cases).[2] In this district, courts have declined to entertain declaratory judgment claims when an overlapping breach of contract claim is pled if: (1) the breach of contract claim would provide adequate relief and no additional benefits could derive from a favorable declaratory judgment, and (2) the declaratory relief claim so overlaps that it is subsumed within the breach of contract claim. *See Beuthin*, 2020 WL 6947383, at *2 (dismissing an overlapping declaratory judgment claim where no additional relief could be obtained); *Cady &*

---

[2] Generally, cases in the Middle District favor allowing both claims to proceed whereas cases in the Southern District favor dismissal unless there is some additional relief to be gained. *Compare McManus v. Nat'l Fire & Marine Ins. Co.*, No. 6:19cv367ORL41TBS, 2019 WL 5391180, at *2 (M.D. Fla. May 31, 2019) (exercising discretion to allow both claims to move forward); *Turco v. Ironshore Ins.*, 2:18-cv-634-Ftm-99MRM, 2018 WL 6181348, at *2 (M.D. Fla. Nov. 27, 2018) (same) *with Garcia v. Am. Sec. Ins. Co.*, No. 21-CV-23640, 2021 WL 5883003, at *6 (S.D. Fla. Dec. 13, 2021) (dismissing because "[a]ny successful judicial interpretation would only result in coverage for the same losses that underlie Plaintiffs' breach of contract claim"); *S.G. Assocs. of Miami, Inc. v. W. World Ins. Co.*, No. 21-22753-CIV, 2021 WL 4502304, at *1 (S.D. Fla. Sept. 30, 2021) (dismissing where the declaratory judgment claim was "entirely duplicative of the breach-of-contract claim").

CASE NO. 3: 21cv3798-MCR-EMT

*Cady Studios, Inc. v. State Farm Fire & Cas. Co.*, 320 F. Supp. 3d 1283, 1284 (N.D. Fla. 2018) (same).  Conversely, this Court has allowed the two claims to go forward together where it is shown that a declaratory judgment could afford the plaintiff more relief than allowed by simply prevailing on the breach of contract claim.  *See Perdido Sun Condo. Ass'n, Inc. v. Nationwide Mutual Ins. Co.*, Case No. 3:06cv318-MCR (N.D. Fla. Aug. 30, 2007) (denying a motion to dismiss a declaratory judgment claim on finding that the claim would address an ongoing controversy that the breach of contract claim alone would not remedy).

  Here, even assuming that Count II states a plausible claim for declaratory relief by seeking clarity as to the parties' respective rights and status in relation to the contract, the Court declines to entertain it.  Plaintiff argues that the relief requested in Count II is distinct from the breach of contract claim because it requests a declaration that the policy applies, a declaration of Plaintiff's rights under the policy, and an award of attorney's fees and costs.  But these issues—whether there is a covered loss, the amount if any due, and whether Plaintiff is entitled to statutory attorney's fees and costs—will necessarily be determined in the breach of contract claim.  No additional benefits could derive to the Plaintiff from a declaratory judgment that would not already be subsumed within Count I.  Therefore, although dismissal of a redundant claim is not *required*, the Court in this instance declines to

entertain it.  *See Beuthin*, 2020 WL 6947383, at *2 (stating "the duplicative nature of Plaintiff's claims does not *require* dismissal" but the Court "retains broad statutory discretion to decline relief").

Accordingly, Defendant's Motion to Dismiss Count II of Plaintiff's Complaint, ECF No. 6, is **GRANTED**.  Count II is **DISMISSED**.

**DONE AND ORDERED** this 21st day of February 2022.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

CASE NO. 3: 21cv3798-MCR-EMT